UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERLIN EVER MENCIAS AVILA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-CV-2135-TSC |
| | ) | |
| DETECTIVE MATTHEW DAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT MATTHEW DAILEY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Metropolitan Police Department ("MPD") Detective Matthew Dailey, by and through counsel, responds to Plaintiff's Second Amended Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Complaint, Defendant Dailey responds in like-numbered paragraphs as follows:

## SECOND AMENDED COMPLAINT

1.      The allegations in Paragraph 1 are the legal conclusions of the pleader to which no response is required.

2.      Defendant Dailey admits that on September 6, 2014, Metropolitan Police Department officers questioned Plaintiff about an altercation that occurred earlier that day and seized Plaintiff's van.  Based on interviews at the scene, as well as MPD Officers' review of the restaurant's surveillance footage, Defendant Dailey determined that Plaintiff transported "Luis" – the assailant – from the scene of the crime.  The remaining allegations in Paragraph 2 are the

1

factual and legal conclusions of the pleader to which no response is required.  To the extent a response is required, Defendant Dailey specifically denies that the "van and its contents had no evidentiary value following the [September 23, 2014] search."  The United States Attorney's Office determined that the van and its contents had evidentiary value, which is why the case remained open until November, 2015.

3.      The allegations in Paragraph 3 are the factual and legal conclusions of the pleader to which no response is required.  To the extent a response is required, Defendant Dailey denies the allegations.

4.      Defendant Dailey admits that on January 7, 2016, undersigned counsel informed Plaintiff's counsel that Plaintiff's property was available for release, and that Plaintiff recovered his property on or around January 13, 2016.  Defendant Dailey lacks sufficient information to admit or deny the remaining allegations in this paragraph.  To the extent a response is required, Defendant Dailey denies these allegations.

## JURISDICTION

5.      The allegation in Paragraph 5 is a legal conclusion to which no response is required.

## PARTIES

6.      Admitted.

7.      Admitted.

## FACTS

8.      Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 8.

9.     Defendant Dailey admits that Plaintiff owns a 2001 Chevrolet Express van, but lacks sufficient information to admit or deny that Plaintiff used this van daily for his contracting business.

10.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 10.

11.     Defendant Dailey admits that on September 6, 2014, he instructed MPD Officer Justin Jordan to seize Plaintiff's van.  Defendant Dailey lacks sufficient information to admit or deny the precise inventory of the property inside Plaintiff's van.

12.     Defendant Dailey admits that he did not personally return Plaintiff's property to Plaintiff.  Further answering, Defendant Dailey denies that he was required – after the USAO authorized the release of this property – to personally return this property to Plaintiff.

13.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 13.

## ALTERCATION AT EL TOROGOZ

14.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 14.

15.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 15.

16.     Defendant Dailey admits that on September 6, 2014, Plaintiff and "Luis" went to El Torogoz.

17.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 17.

18.     Defendant Dailey admits that "Luis" was involved in an alteration at El Torogoz restaurant.  Defendant Dailey lacks sufficient information to admit or deny what Mr. Nunez said to Plaintiff.

19.     Defendant Dailey admits that "Luis" was involved in an argument with, among other people, the owner of El Torogoz and his wife.  Further answering, the security surveillance footage of the altercation speaks for itself.

20.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 20.  Further answering, the security surveillance footage of the altercation speaks for itself.

21.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 21.  Further answering, the security surveillance footage of the altercation speaks for itself.

22.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 22.  Further answering, the security surveillance footage of the altercation speaks for itself.

23.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 23.  Further answering, the security surveillance footage of the altercation speaks for itself.

24.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 24.  Further answering, the security surveillance footage of the altercation speaks for itself.

25.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 25.

26.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 26.

27.     Defendant Dailey admits that Plaintiff drove "Luis" from El Torogoz and towards the 400 block of Kennedy Street, N.W.

28.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 28.

29.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 29.

30.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 30.

31.     Admitted.

32.     Defendant Dailey admits that Plaintiff was no longer with "Luis" once MPD officers found Plaintiff on the 800 block of Kennedy Street, N.W.

33.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 33.

34.     Defendant Dailey lacks sufficient information to admit or deny the allegations in Paragraph 34.

## **DETECTIVE DAILEY REPSONSE TO EL TOROGOZ**

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Admitted that the surveillance footage does not show Plaintiff personally involved in the altercation.  Defendant Dailey denies that Plaintiff's "only role" was to break up the fight and remove an individual from the scene; for example, Defendant Dailey had probable cause to believe that Plaintiff had, indeed, transported a suspect away from the scene of the crime.

40.     Admitted.

41.     Admitted.

42.     Admitted.

## **DETECTIVE DAILEY ORDERS THE SEIZURE OF THE VAN**

43.     Defendant Dailey admits that Plaintiff appeared very intoxicated when MPD Officers approached Plaintiff.  Defendant Dailey lacks sufficient information to admit or deny the remaining allegations in Paragraph 43.

44.     Admitted.

45.     Admitted.

46.     Admitted.

47.     Denied that Plaintiff was "told that he was in trouble."  Defendant Dailey lacks sufficient information to admit or deny that "one of the officers attempted to arrest [Plaintiff]." To the extent a response is required, Defendant Dailey denies this allegation.

48.     Defendant Dailey lacks sufficient information to admit or deny this allegation.  To the extent a response is required, Defendant Dailey denies the allegation.

49.     Defendant Dailey lacks sufficient information to admit or deny this allegation.

50.     Defendant Dailey lacks sufficient information to admit or deny this allegation.

51.     Admitted.

52.     Defendant Dailey lacks sufficient information to admit or deny these allegations. To the extent a response is required, Defendant Dailey denies these allegations.

53.     Admitted.

54.     Denied.  Specifically, Plaintiff excitedly informed MPD Officers that he "will never tell where my friend is!"

55.     Defendant Dailey lacks sufficient information to admit or deny these allegations. To the extent a response is required, Defendant Dailey denies these allegations.

56.     Admitted.

57.     Admitted.

58.     Defendant Dailey admits that he informed Plaintiff that Defendant Dailey needed additional information on "Luis" to investigate the ADW.  To the extent this paragraph implies that Defendant Dailey offered a *quid pro quo* – Plaintiff's van in exchange for information on "Luis" – Defendant Dailey denies this allegation.

59.     Denied.

60.     Admitted that Defendant Dailey informed Plaintiff that MPD was seizing his van as evidence that was possibly used in the commission of a crime.  No other explanation was required.

61.     Defendant Dailey lacks sufficient information to admit or deny these allegations. To the extent a response is required, Defendant Dailey denies these allegations.

62.     Defendant Dailey lacks sufficient information to admit or deny these allegations. To the extent a response is required, Defendant Dailey denies these allegations. To the extent this paragraph implies that Defendant Dailey offered a *quid pro quo* – Plaintiff's van in exchange for information on "Luis" – Defendant Dailey denies this allegation.

63.     Admitted.

64.     Defendant Dailey lacks sufficient information to admit or deny this allegation.  To the extent a response is required, Defendant Dailey denies the allegation.

65.     Admitted.

66.     Admitted.

67.     Denied.

### MR. MENCIAS'S INITIAL ATTEMPTS TO GET HIS VAN BACK

68-87.  The allegations in Paragraphs 68 through 87 do not relate to Defendant Dailey and therefore do not require a response.

### THE SEARCH OF THE VAN

88.     Admitted.

89.     Admitted.

90.     Admitted that the Search Warrant authorized a search for the items listed in Paragraph 90.

91.     Admitted.

92.     Admitted.

93.     Admitted.

94.     Admitted.

95.     Admitted.

96.     Admitted.

97.     Admitted.

98.     Admitted.

99.     Admitted that MPD Officers did not search the back of Plaintiff's van.  Further answering, Defendant Dailey did not know what additional evidentiary value the items in the back of Plaintiff's van had in relation to the underlying ADW because, again, Plaintiff refused to cooperate in this investigation.

100.    Denied.  Defendant Dailey did not know what evidentiary value the remaining items in Plaintiff's van had.  Further answering, the USAO determined that the van and its contents had continuing evidentiary value, which is why it opened a grand jury investigation into the ADW and why the case remained open until November, 2015.

101.    Denied.  Defendant Dailey did not know what evidentiary value the tools in the back of the van had in relation to the underlying ADW.  USAO determined that the van and its contents had continuing evidentiary value.

102.    Denied.  Defendant Dailey did not know what evidentiary value the items contained in the front, passenger compartment of the van had in relation to the underlying ADW.  USAO determined that the van and its contents had continuing evidentiary value.

103.    Denied.  Defendant Dailey did not know what evidentiary value the van itself had in relation to the underlying ADW.  USAO determined that the van itself had continuing evidentiary value.

104.    Admitted that Defendant Dailey did not personally contact Plaintiff to inform him that his van had been searched.  Defendant Dailey lacks sufficient information to admit or deny what additional communications other MPD members had with Plaintiff.

105.    Admitted that Defendant Dailey did not personally mail a copy of the search warrant to Plaintiff.

106.     Admitted that Defendant Daily did not personally provide a copy of the search warrant to Plaintiff.  Defendant Dailey lacks sufficient information to admit or deny what other MPD members did with respect to sending Plaintiff a copy of the search warrant.

107.     Admitted.

108.     Admitted.

109.     Admitted that Defendant Dailey did not remove any additional items – beyond the items seized – from Plaintiff's van.  Defendant Dailey did not know what evidentiary value these items had.

110.     Admitted.

111.     Admitted.

112.     Admitted.  Further answering, Defendant Dailey needed to speak with Plaintiff not only to identify "Luis," but also because Defendant Dailey did not know what evidentiary value the additional items in Plaintiff's van had.

## MR. MENCIAS'S ADDITIONAL ATTEMPTS TO RECOVER THE PROPERTY ARE UNSUCCESSFUL

113-119. The allegations in Paragraphs 113 through 119 do not relate to Defendant Dailey and therefore do not require a response.

120.     Admitted.

121.     Admitted.

122.     Admitted.

123.     Denied.  Based on Plaintiff's prior assertion that he would never disclose "Luis'" identity, Defendant Dailey reasonably believed that Plaintiff did, in fact, have additional information relating to "Luis."

124.    Admitted that Defendant Dailey informed Plaintiff that the van could be held as evidence so long as the underlying criminal case was active.  Further answering, Defendant Dailey informed Plaintiff that MPD could not release the van without USAO's approval.

125.    Denied.

126.    Denied.

127.    Admitted that Defendant Dailey requested AUSA Bruckmann to send him a grand jury subpoena so that Defendant Dailey could serve it on Plaintiff.  To the extent this paragraph implies that Defendant Dailey initiated, or had the authority to initiate, the grand jury investigation, Defendant Dailey denies the allegation.

128.    Admitted.

129.    Admitted.

130.    Admitted.

131.    Admitted that Defendant Dailey informed Plaintiff that Plaintiff could refer all questions relating to his van to the AUSA handling the grand jury investigation.

132.    Admitted.

133.    Admitted.

134.    Admitted.

135.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

136.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

137.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

138.    Denied.

139.    Admitted.

140.    The allegations in this paragraph do not relate to Defendant Dailey and do not require a response.

141.    Admitted that Defendant Dailey did not speak with Plaintiff after March 13, 2015 because USAO had the exclusive authority to conduct its grand jury investigation.  The case remained open until November, 2015.

142.    The allegations in this paragraph do not relate to Defendant Dailey and do not require a response.

143.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

144.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

**WASHINGTON LAWYERS' COMMITTEE INITIALLY UNABLE TO RECOVER THE VAN**

145-155. The allegations in Paragraphs 145 through 155 do not relate to Defendant Dailey and therefore do not require a response.

156.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

157.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

158.    Admitted.

159.    Admitted.

160.     The allegations in this paragraph do not relate to Defendant Dailey and do not require a response.

161.     The allegations in this paragraph do not relate to Defendant Dailey and do not require a response.

162.     Admitted that Defendant Dailey did not personally contact Ms. Nunez after November 19, 2015.

## DEFENDANT DAILEY ATTEMPTS TO OBTAIN AN ARREST WARRANT FOR MR. MENCIAS PRIOR TO RELEASING THE VAN

163.     Admitted.

164.     Admitted that the PD 81C is an MPD form.  Denied to the extent Plaintiff avers that an MPD member always initiates the process for releasing property held as evidence.

165.     Denied.  Plaintiff conflates physical custody with legal authority to authorize the release of property held pursuant to a criminal investigation.  Again, MPD cannot release property with USAO's approval.

166.     Denied.  USAO was responsible for completing, *i.e.*, approving and signing, the PD 81-C.

167.     Admitted.

168.     Admitted that Defendant Dailey believed that Plaintiff had obstructed MPD's investigation into this case and thus, did not want to close the investigation into the ADW.

169.     Admitted.  Defendant Dailey had no reason to believe that Plaintiff, who refused to cooperate with the investigation before his property was returned, would cooperate with the investigation after the property was returned.

170.     Denied.

171.     Admitted.  Further answering, Defendant Dailey believed he had probable cause to believe that Plaintiff committed a crime.

172.     Admitted.

173.     Admitted.

174.     Admitted.

175.     Admitted.

176.     Admitted that Defendant Dailey did not personally apprise Plaintiff or Ms. Nunez that the Form PD 81C has been signed by USAO.

177.      The allegations in this paragraph do not relate to Defendant Dailey and do not require a response.

## **MR. MENCIAS RECOVERS THE PROPERTY**

178.     Admitted.

179.     Admitted.  Further answering, undersigned counsel apprised Plaintiff's counsel that Plaintiff's van was available for release as soon as undersigned counsel was assigned to defend this matter.

180.     Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

181.     Admitted that once USAO or an MPD member forwards the signed PD 81C to the Evidence Control Branch ("ECB"), ECB then sends a letter via certified mail notifying the property owner that certain property is available for release.

182.     Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

14

183.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

184.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

185.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

186.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

187.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

188.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

189.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

190.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph

191.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

192.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

193.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

194.    Admitted.

195.    Admitted.

196.    Admitted.

## DAMAGES

197.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.  To the extent a response is required, Defendant Dailey denies the allegations and demands strict proof of Plaintiff's damages.

198.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

199.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

200.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

201.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

202.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.

203.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.  To the extent a response is required, Defendant Dailey denies the allegations.

204.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.  To the extent a response is required, Defendant Dailey denies the allegations.

205.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.  To the extent a response is required, Defendant Dailey denies the allegations.

206.    Defendant Dailey lacks sufficient information to admit or deny the allegations in this paragraph.  Defendant Dailey demands strict proof of Plaintiff's lost income.

### FIRST CLAIM FOR RELIEF

### Violation of the Fourth amendment Protection Against Unreasonable Seizure Pursuant to 42 U.S.C. § 1983

207-215. The allegations in Paragraphs 207 through 215 contain legal conclusions to which no response is required.  To the extent a response is required, Defendant Dailey denies the remaining allegations.

216.    Admitted that MPD is the physical custodian of property seized by MPD.

217.    Denied.  USAO "drives the decision" on when to close out a criminal prosecution, and thus, when property in MPD's custody can be released.

218.    Denied.  A MPD member can, but is not required, to request that USAO sign off on a PD 81C.

219.    Denied.  MPD cannot release property with USAO's approval.

220.    Admitted.

221.    Admitted.

222.    Admitted.

223.    The allegation in this paragraph is a legal conclusion to which no response is required.  To the extent a response is required, Defendant Dailey denies the allegation.

224.    Denied.

225.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Dailey denies the allegations.

226.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Dailey denies the allegations.

227.     The allegation in this paragraph is a legal conclusion to which no response is required.

## SECOND CLAIM FOR RELIEF

### Violation of the Fifth Amendment's Procedural Due Process Guarantee Pursuant to 42 U.S.C. § 1983

228-233. The allegations in Paragraphs 228 through 233 contain legal conclusions to which no response is required.

234.     Denied.

235.     The allegations in this paragraph do not relate to Defendant Dailey and do not require a response.

236.     The allegations in this paragraph do not relate to Defendant Dailey and do not require a response.

237.     Admitted that Defendant Dailey did not personally apprise Plaintiff that MPD had searched his van pursuant to a search warrant.

238.     The allegations in this paragraph do not relate to Defendant Dailey and do not require a response.

239.     Admitted that Defendant Dailey did not personally apprise Plaintiff that items had been removed from his van pursuant to a lawful search.

240.     The allegations in this paragraph do not relate to Defendant Dailey and do not require a response.

241.     The allegation in this paragraph is a legal conclusion that does not require a response.

242.    Admitted that Defendant Dailey did not personally apprise Plaintiff that USAO had closed the case and approved the release of Plaintiff's property.

243.    The allegations in this paragraph do not relate to Defendant Dailey and do not require a response.

244.    The allegations in this paragraph are legal conclusions to which no response is required.

245.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Defendant Dailey denies the allegations. Specifically, Defendant Dailey wanted to talk to Plaintiff about "Luis" because Defendant Dailey wanted to ascertain what evidentiary value the additional items in Plaintiff's van had with respect to the underlying ADW.  To the extent this paragraph implies that Defendant Dailey offered a *quid pro quo* – the release of Plaintiff's van in exchange for information about "Luis" – Defendant Dailey denies the allegation.

246.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Defendant Dailey denies the allegations.

**FURTHER ANSWERING**, all allegations not expressly admitted are hereby denied.

### THIRD DEFENSE

Plaintiff's claims may be barred by doctrine of laches or the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiff's claims and prayers for relief may be moot.

### FIFTH DEFENSE

The seizure of Plaintiff's property was reasonable under the Fourth Amendment.

19

## SIXTH DEFENSE

Defendant Dailey denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.  Defendant Dailey further denies that Plaintiff is entitled to any relief whatsoever.

## SEVENTH DEFENSE

Defendant Dailey performed his obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

## EIGHTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Second Amended Complaint, such injuries were the result of his own intentional, illegal, and/or otherwise wrongful conduct.

## NINTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Second Amended Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than Defendant Dailey, the District of Columbia, its agents, servants, and/or employees acting within the scope of their employment.

## TENTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Second Amended Complaint, such injuries and damages resulted from his own sole or contributory negligence and/or his assumption of the risk.

## ELEVENTH DEFENSE

If Plaintiff was injured or otherwise damaged as alleged in the Second Amended Complaint, such injuries and/or damages resulted from Plaintiff's sole, joint, or concurring

negligence with a person or persons other than Defendant Dailey, the District of Columbia, its

agents, employees or servants acting within the scope of employment.

## TWELTH DEFENSE

At all times relevant herein, Defendant Dailey acted in good faith and with the reasonable

belief that his actions were lawful under the circumstances.

## THIRTEENTH DEFENSE

Defendant Dailey is entitled to qualified immunity for his actions.

## FOURTEENTH DEFENSE

Plaintiff may have failed to fully comply with the mandatory notice requirements of D.C.

Official Code § 12-309.

## FIFTEENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

## SIXTEENTH DEFENSE

The action may be barred by *res judicata or collateral estoppel*, or not yet have accrued.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to punitive damages.

## EIGHTTEENTH DEFENSE

Plaintiff's claims must be dismissed for failure to include an indispensable party.

## SET-OFF

Defendant Dailey claims a set-off against any judgment for the cost of all funds or public

services provided by Defendant Dailey to or on behalf of Plaintiff.

## REQUEST AND DEMAND FOR JURY TRIAL

Defendant Dailey, by and through its counsel, hereby demands a trial by jury on all issues

so triable.

WHEREFORE, Defendant Dailey prays that the Court will dismiss the Second Amended

Complaint and award him the expense of litigation, costs and interest, and such other relief as the

Court deems just and proper.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Chad Copeland*
CHAD COPELAND [982119]
Chief, Civil Litigation Division Section II

*/s/ William J. Chang*
WILLIAM J. CHANG [1030057]
Assistant Attorney General
Suite 630 South
441 Fourth Street, N.W.
Washington, D.C. 20001
202-724-6646
202-741-0667 (fax)
william.chang@dc.gov

*Attorneys for MPD Detective Matthew Dailey*