UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERLIN EVER MENCIAS AVILA, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW DAILEY, <br><br> Defendant. | Civil Action No. 15-cv-2135 (TSC) |

## ORDER

Plaintiff Erlin Ever Mencias Avila brings this case pursuant to 42 U.S.C. § 1983, alleging that Defendant Matthew Dailey violated his Fourth and Fifth Amendment rights. On March 30, 2017 the court issued a Memorandum Opinion (ECF No. 38) and Order (ECF No. 39) granting partial summary judgment to the Plaintiff, and finding that Defendant violated Plaintiff's Fourth Amendment rights, that there was a material issue of fact regarding whether Defendant violated Plaintiff's Fifth Amendment rights, and that Defendant was not entitled to qualified immunity for either claim. Defendant filed a motion for reconsideration of the court's ruling on Fourth Amendment liability and qualified immunity. Because the court finds on reconsideration that there exists a material issue of fact precluding the grant or denial of qualified immunity on Plaintiff's Fourth Amendment claim, Defendant's motion for reconsideration will be partially GRANTED. While the court's original finding of liability for the Fourth Amendment violation remains unaltered, a trial will be necessary to determine whether Defendant's actions were reasonable and whether he is accordingly entitled to qualified immunity.

1

I.   **BACKGROUND**

The facts of this case are set out in more detail in the court's March 30, 2017 Memorandum Opinion. Plaintiff, a home improvement contractor, was present at the scene of an altercation between two other men. Plaintiff drove one of the men away from the restaurant where the altercation took place in Plaintiff's white work van, which was seized by the police later that evening as potential evidence of a crime. The police searched the van pursuant to a warrant several days later, and removed several items, but maintained possession of the van for over a year, until January 13, 2016. The court previously determined that while the original seizure of the van was lawful, the length of the seizure violated the Fourth Amendment. The court found the seizure became unlawful after the van was searched because there was no probable cause to continue to hold it after all items of evidentiary value had been removed. Plaintiff seeks to hold Defendant Matthew Dailey, the Metropolitan Police Department (MPD) officer who was the lead detective on the case, liable for the Fourth Amendment violation pursuant to 42 U.S.C. § 1983. The court finds that a material issue of fact precludes any present determination of whether Defendant is entitled to qualified immunity, since Defendant claims that the United States Attorney's Office (USAO) staff directed him to maintain possession of the van to aid its continued investigation. This assertion, if true, would entitle Defendant to qualified immunity. Therefore, there is a contested issue of material fact.

II.   **LEGAL STANDARD**

**A. Motion for Reconsideration**

A court may revise or reconsider any non-final order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Reconsideration of prior interlocutory orders is at "the discretion of the trial court." *Lewis v. United States*, 290 F. Supp. 2d 1, 3 (D.D.C. 2003). However, a court should only revise

its order "as justice requires" or when "necessary under the relevant circumstances." *Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006). The court's discretion is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotation marks omitted). Thus, in order to promote finality and protect the court's judicial resources, the court is loath to revisit its prior decision absent "extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Shea v. Clinton*, 850 F. Supp. 2d 153, 157–58 (D.D.C. 2012).

### A. Summary judgment

Summary judgment is appropriate where there is no disputed genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). The movant must rely on materials in the record to demonstrate the absence of any genuinely disputed issues of material fact. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 332. The nonmoving party, in response, must present her own evidence beyond the pleadings to demonstrate specific facts showing that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. A fact is material if "a dispute over it might affect the outcome of a suit," and an issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986)) (internal quotation marks omitted). The non-movant is "required to provide evidence that would

permit a reasonable jury to find" in his or her favor. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (citations omitted).

### III. ANALYSIS

Defendant asks the court to reconsider its grant of summary judgment and denial of qualified immunity in part based on Plaintiff's response to interrogatory number 7. The interrogatory states: "Describe in detail any communications you had with any member of the United States Attorney's Office ("USAO") following the September 6, 2014 seizure of your van . . . ." Plaintiff's response included the following statement: "I have been told that on August 17, 2015 . . . a paralegal at the WLC [Washington Lawyers' Committee] tried to contact AUSA Kara Traster by phone on my behalf to inquire about recovering my property . . . She successfully reached AUSA Traster by phone the next day. AUSA Traster told [the paralegal] that my van was being held as evidence in a criminal proceeding, but she did not explain why the van was being held or how I could recover it or challenge its seizure." (Pl. Resp. to Interrog. No. 7, Def. Reply Ex. V, ECF No. 33-2).

The court did not address this piece of record evidence, which was cited in and attached to Defendant's reply, in its March 30 Memorandum Opinion. While Plaintiff's response describing his representative's conversation with an AUSA does not provide direct evidence of the content of the AUSA's communications *with Defendant*, a jury could infer from the response that the AUSA directed Defendant to hold the van. The court denied qualified immunity based in part on the absence, in Defendant's deposition testimony, of any clear statement that the AUSA had done so. *See* Mem. Op. at 14-15 (finding Defendant's testimony about an "evidentiary hold" placed on the van by the AUSA not suggestive that the "hold" applied after

Plaintiff spoke with the MPD on September 11, 2014);[1] 15 (finding Defendant's deposition testimony did not suggest that anyone other than Defendant had "classified" the van as evidence); 16 (noting Defendant did not testify that anyone at the USAO directed him to keep the van). But Plaintiff's response to the interrogatory serves to create enough of a dispute of fact to put the question to a jury. If a jury finds that an AUSA did require Defendant to maintain possession of the van, the court's finding that Defendant violated Plaintiff's Fourth Amendment rights would still stand, but the court's previous conclusion that Defendant violated clearly established law in doing so would not. Qualified immunity is appropriate unless "existing precedent [has] placed the statutory or constitutional question beyond debate," *White v. Pauly*,

---

[1] Defendant argues that the court misunderstood the timing of events surrounding the opening of the grand jury investigation. The court believed that when Defendant referred to what he perceived as an "evidentiary hold" that was to be in place "until we talked to [Plaintiff]," such a hold would not have applied after September 11, 2014, when Plaintiff did talk to MPD. The court's inference was based in part on Defendant's statement that he did not watch the videotape of the September 11 interrogation testimony when he learned of its existence approximately one week later, because a grand jury investigation had already been initiated. Defendant states in his reconsideration motion that the grand jury investigation was not initiated until some time after November 5, 2014. The timing is fuzzy: if the grand jury investigation was initiated in November, it is unclear how the investigation's existence could have inhibited Defendant from watching the interrogation video sometime in late September.

Regardless, Plaintiff later appeared on March 13, 2015, in response to the USAO's subpoena, but the van was not released at that time. Nor was the van released after the May 2015 date to which Plaintiff's grand jury testimony was rescheduled. Any "continued need" based on the USAO or MPD wanting to speak with Plaintiff should have dissipated at least by May 2015. But the van was not released until January 2016. Additionally, the court will clarify that it is not persuaded that the USAO or MPD wanting to speak with Plaintiff constituted probable cause. The court made an inference about the timing of the grand jury investigation only to note that, even if wanting to speak with Plaintiff constituted probable cause, such probable cause could not have outlasted the time at which the MPD (for the second time, the first being the September 11, 2014 interrogation) and USAO did have the opportunity to speak to Plaintiff, which the court now calculates at the latest to have been May 2015.

Because the court finds liability for the constitutional violation after the search was over, the timing discussed here does not impact that finding. But to the extent Defendant was directed by the USAO to keep the van until the MPD or USAO spoke with Plaintiff, the specific timing impacts the extent of qualified immunity. The jury will therefore be called upon to sort out the timing of Plaintiff's conversations with the MPD and USAO.

137 S. Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)), and it is not beyond debate that a police officer must release unconstitutionally seized property in direct contradiction of a prosecutor's request or direction. It is, however, as the court originally concluded, well established that a continued seizure becomes unconstitutional when probable cause for the seizure has dissipated. Absent specific direction from the USAO, Defendant's actions are not shielded by qualified immunity.

The court therefore finds that a jury should be permitted to determine and assess the content of any exchanges that took place between Detective Dailey and any AUSAs involved in the investigation. Defendant will have the opportunity to more fully describe the contents of the exchanges, a jury will be entitled to evaluate the credibility of Defendant's live testimony at trial, and Plaintiff will have the opportunity to challenge, through cross-examination or otherwise, the proffered testimony. Defendant bears the responsibility, in his cross-motion for summary judgment on qualified immunity, of demonstrating the absence of a triable issue of fact pertaining to qualified immunity, and he has not carried that burden.

### IV. Conclusion

For the reasons set forth above, Defendant's motion for reconsideration is hereby GRANTED IN PART; Plaintiff's motion for summary judgment is GRANTED as to liability but DENIED as to qualified immunity; Defendant's cross-motion for summary judgment is DENIED.

Dated: August 1, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge